UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                )<br>)<br>)<br>BRITTANY BAILEY,                            )<br>)<br>)<br>Defendant.                                      )<br>_____ ) | Criminal No. 19-CR-391 (JDB) |

Upon consideration of the United States' Sentencing Memorandum and Exhibits, IT IS HEREBY ORDERED that the Government's Motion is GRANTED; and:

For the reasons stated on the record at sentencing on July 18, 2023, and as the record herein fully supports, IT IS HEREBY ORDERED that the defendant, Brittany Bailey, shall pay restitution, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664, for the benefit of the victims, in the amount and to their Attorney of Record or guardian, as detailed below. The total amount of restitution owed by the defendant is $25,000.

1) $5,000 to the victim depicted in the Sweet White Sugar series:

   **Deborah A. Bianco, in trust for Pia**
   **P.O. Box 6503, Bellevue, WA 98008.**

*Payments should be made payable to "Deborah A. Bianco, in trust for Pia"

2) $20,000 to MV1:

*[Government will provide address and payment details for MV1 upon receipt]*

IT IS FURTHER ORDERED that the following shall be ordered and the corresponding language incorporated into the Judgment and Commitment order:

> The full sum or amount of ordered restitution is due immediately. This restitution order constitutes an enforceable judgment, consistent with the terms of the Plea Agreement between the United States and the Defendant and pursuant to 18 U.S.C. § 2259, 18 U.S.C. § 3613 (a), (c) and (f) and § 3664 (m)(1)(A). Any payments must be made to the parties at the addresses detailed above. Any schedule of payments imposed by the Court is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. Consistent with 18 U.S.C. § 3664 (n), "if the [Defendant] receives substantial resources from any source…during a period of incarceration, she will be required to apply the value of such resources to any restitution still owed." If any amount of restitution remains outstanding, the Court imposes a payment schedule of at least the following amounts:
>
> > **Imprisonment.** During any period of incarceration in a prison in the United States, payment of any criminal monetary debt (special assessments and restitution) remains due, and the Defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in her inmate trust account per quarter."
> >
> > **After Imprisonment.** Any portion of the criminal monetary debt that remains unpaid at the time of the defendant's release from imprisonment shall be paid at the monthly rate of at least $1000.00, plus 25% of gross monthly income in excess of $2,300. The Court will further assess Defendant's ability to pay following her release from imprisonment.

IT IS FURTHER ORDERED, that once paid, the Clerk's Office shall disburse monies received in satisfaction of restitution to the victims as listed and detailed above.

IT IS FURTHER ORDERED, that consistent with the terms of the Plea Agreement, which was accepted by the Court, the restitution amount of $25,000, with the above-described provisions, is hereby incorporated into the Judgement and Commitment Order for this matter.

SO ORDERED, this \_\_\_18th\_\_\_ day of July 2023.

_____
THE HONORABLE JUDGE JOHN D. BATES
UNITED STATES DISTRICT COURT JUDGE